COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARTIN VILLAFRANCA, JR.,<br>    Plaintiff,<br><br>v.<br><br>MICHAEL R. POMPEO,<br>    United States Secretary of State,<br>DANIELA X. CORNEJO SUAREZ,<br>    Vice Consul, Consulate of the United States<br>    of America in Monterrey, N.L., Mexico, and<br>THE UNITED STATES OF AMERICA,<br>    Defendants. | CIVIL ACTION<br>1: 18-cv-193 |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Martin Villafranca, Jr. ("Mr. Villafranca, Jr.) respectfully files this Complaint for

Declaratory and Injunctive Relief. Mr. Villafranca, Jr. seeks review of an adverse agency action,

specifically, the denial of his application to renew his United States passport. This suit is brought

under 28 U.S.C. §1331 (federal question), with the Administrative Procedures Act, 5 U.S.C. §702

*et seq*; and 28 U.S.C. §2201 (Declaratory Judgment Act) with 8 U.S.C. §1503 (denial of rights and

privileges as a United States Citizen).

## I.  JURISDICTION AND VENUE

1.   Jurisdiction lies under 28 U.S.C. § 1331 (federal question) with the APA,  and under §2201

(Declaratory Judgment Act), with 8 U.S.C. §1503 (denial of rights and privileges as a United States

Citizen).

2.    Jurisdiction and venue are proper.  Mr. Villafranca, Jr. was born in Precinct #2, Brownsville,

Texas (Cameron County) in 1982.  He was allowed to enter the United States on or about October

3, 2018, despite the fact that his U.S. passport has expired.  He resides in Brownsville, Texas, U.S.A.

3.    The denial of Mr. Villafranca, Jr.'s application to renew his United States Passport constitutes

the denial of a privilege based on questions raised about his status as a "national of the United

States," defined by 8 U.S.C. § 1101(a)(22) to include "a citizen of the United States," and is

cognizable under 8 U.S.C. § 1503(a).

4.    The issue of Mr. Villafranca, Jr.'s status as a United States citizen did not arise by reason of, or

in connection with a removal proceeding.

## II.   THE PARTIES

5.    Plaintiff  Martin Villafranca, Jr. is a United States Citizen.  He was born in Precinct #2

(Brownsville), Cameron County, Texas, in 1982.  He currently resides in Brownsville, Texas, U.S.A.

6.    Daniela X. Conejo Suarez is the Vice Consul at the Consulate of the United States of America

in Monterrey, Nuevo Leon, Mexico.  She is sued in her official capacity only.

7.    Defendant Michael R. Pompeo is the duly appointed Secretary of State of the United States.  He

is sued in his official capacity only.  The United States of America is also a named Defendant.

## III.   THE FACTS

8.    Mr. Villafranca, Jr. was born in Brownsville, Texas in 1982.  His birth was attended by the

midwife, Maria de Jesus M. Sandoval.  *See Exhibit A (sealed), Doc. 1.*

9.    Mr. Villafranca, Jr.'s parents, Esperanza Fraga and Martin Villafranca, were Mexican citizens,

then residing in Matamoros, Tamaulipas, Mexico.  Both parents had valid border crossing cards,

which they used to enter the United States for the birth of their son. *See Exhibit A (sealed), Doc. 2.*

10.    Almost immediately after his birth, Mr. Villafranca, Jr.'s parents took him back to Matamoros, Tamaulipas, Mexico, where they lived at the time.   He was raised in Mexico.   In order to register him in school and to assure his status as an heir, Mr. Villafranca, Jr.'s parents registered his birth in Mexico about two months after his birth and registration in Texas.   The original Mexican birth certificate indicated that Mr. Villafranca, Jr. was born in Tampico, Tamaulipas, Mexico.   This was later amended to show the correct place of birth as Cameron County, Texas, U.S.A.   *See Exhibit A (sealed), Docs. 3a & 3b.*

11.    Mr. Villafranca, Jr. was baptised in Tampico, Tamaulipas, Mexico, in 1983, about eight months after his birth.   His baptismal certificate indicates that he was born in Cameron County, Texas. *See Exhibit A (sealed), Doc. 4.*

12.    In 2005, Mr. Villafranca, Jr. applied for his first United States passport.   After the satisfaction of repeated inquiries and requests for supplemental documentation, followed by an exhaustive investigation, Mr. Villafranca, Jr. was issued a United States passport on October 27, 2005, good for the full ten years. *See Exhibit A (sealed), Doc. 5.*

13.    Before his passport expired, on October 26, 2015, Mr. Villafranca, Jr. made an appointment with the U.S. Consulate General in Monterrey, Nuevo Leon, Mexico, and attended the appointment with all the required documentation and the requested supplemental documentation.   Upon completion of the process, he received a letter indicating his application had been accepted, and paid the cashier the fees and for document delivery services, as directed.   He was told the process was complete; he would receive his documents in three to four weeks. *See Exhibit A (sealed), Doc. 6.*

14.    On October 30, 2015, Mr. Villafranca, Jr. received a telephone call from a woman from the

consulate who identified herself as "Claudia Hernandez." She indicated she had some questions, essentially verifying information on his application, which Mr. Villafranca, Jr. duly answered. "Claudia" also asked Mr. Villafranca, Jr. to e-mail her a copy of his Mexican birth certificate. Mr. Villafranca, Jr. complied immediately, and called the number he had been given to confirm that they had been received. He received confirmation and upon inquiry was told this would not delay the passport application process. *See Exhibit A (sealed), Doc. 7.*

15.   Mr. Villafranca, Jr. waited four weeks. His passport and documents did not arrive. He called ACS (American Citizen Services) on November 23, 2015, to ask about the status of his application. His call was directed to "Claudia" who told him that now it was necessary for his parents to attend an interview at the U.S. Consulate in Monterrey in order for them to continue processing his application. Mr. Villafranca, Jr. explained that his parents were in the United States. They were in the process of adjusting their status to resident. They could not travel to Mexico until that process was complete. Mr. Villafranca, Jr. asked that his parents be interviewed by telephone, or that arrangements be made to interview them in the United States. "Claudia" responded that she would speak with the "officers" and call him the next day.

16.   The next day, November 24, 2015, "Claudia" did call Mr. Villafranca, Jr., but he was in a meeting. After the meeting, he immediately called her back, using the ACS number that he had been given and asking for "Ms. Claudia Hernandez." The person who answered told him that there was no one at the consulate with that name. After numerous transfers, he was finally connected with "Claudia," who told him that his request that his parents be interviewed by telephone, or that arrangements be made to interview them in the United States was denied. They must come to the U.S. Consulate in Monterrey for an interview. Mr. Villafranca, Jr. again stated her that his parents

could not come to Mexico until their applications for residence had been adjudicated. "Claudia" was not helpful. The next day, Mr. Villafranca, Jr. received a notice informing that there must be an "interview with documents" with no further elaboration. *See Exhibit A (sealed), Doc. 8.*

17. Time passed and Mr. Villafranca, Jr. heard nothing. On December 7, 2015, Mr. Villafranca, Jr. received an unsigned e-mail, reiterating that further processing of his application to renew his U.S. passport required that his parents come to Monterrey for an interview, and informing him that if they received no communication within ninety days, they would deny his application. *See Exhibit A (sealed), Doc. 9.*

18. Mr. Villafranca, Jr. sought the assistance of counsel. On February 1, 2016, a letter was sent to ACS at the U.S. Consulate in Monterrey, reviewing the process to date, stating again that Mr. Villafranca, Jr.'s parents could not travel to Monterrey at this time, and again offering to arrange a time and place in the United States for the desired interview, or alternatively, if arrangements were made for a deposition in the United States, to attend with his parents, assuring that they would be happy to answer any and all questions put to them. If that was not acceptable, it was respectfully requested that the United States Department of State deny Mr. Villafranca's application to renew his United States passport, so we could move forward. *See Exhibit A (sealed), Doc. 10.*

19. It was not until July 6, 2016, that Mr. Villafranca, Jr. was sent a letter, dated February 25, 2016, denying his application to renew his passport, claiming spuriously that he had "not provided additional information or documents" needed to complete processing of his application, and the consulate had "not received a response from [him] within the time" allotted. *See Exhibit A (sealed), Doc. 11.*

20. It was not until October 2018 that Mr. Villafranca, Jr. desperate because he is in danger of

losing his job owing to his inability to travel to the United States and internationally, came to the port

of entry, showed his expired U.S. passport, and was allowed to enter the United States.

## IV.   CAUSES OF ACTION

### A.   DECLARATORY JUDGMENT

21.  Plaintiff incorporates by reference allegations 1 through 20.

22.  Plaintiff has been denied rights and privileges claimed as a national of the United States within

the meaning of 8 U.S.C. §1503 by virtue of the denial of his renewal application for a United States

Passport. Therefore, Plaintiff is entitled to bring a declaratory judgment action, seeking a declaration

that he is, indeed, a United States Citizen eligible for a passport, under 8 U.S.C. §1503(a).

### B.   REVIEW OF ADVERSE AGENCY ACTION

23.    Plaintiff incorporates by reference allegations 1 through 22.

24.   Plaintiff seeks review of the adverse agency action, denying his application to renew his United

States Passport, under the Administrative Procedure Act (APA).  He urges that the repeated delays

in adjudicating his application to renew his United States passport, coupled with the refusal of the

agency to arrange to interview his parents in the United States, in view of their current inability to

travel to Mexico and the fact that interviewing them here would cause no difficulties for the U.S.

Department of State, and subsequently, the denial of that renewal application are arbitrary,

capricious, contrary to law, and unsupported by substantial evidence, within the meaning defined in

5 U.S.C. §706.  The denial of Mr. Villafranca, Jr.'s application to renew his United States passport,

without sufficient cause  is equivalent to the revocation or cancellation of his passport, without

following proper procedures. *See,* 8 U.S.C. § 1504(a).

## V.  PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Honorable Court:

1)      issue a Declaratory Judgment, adjudging and declaring Mr. Villafranca, Jr. to be a United

States citizen;

2)      order Defendants to provide Mr. Villafranca, Jr. with a temporary United States passport, or

equivalent document that will allow him to travel abroad, and to enter and re-enter the United

States during the pendency of the instant proceedings;

4)      issue an injunction, mandating that Defendants refrain from denying Mr. Villafranca's future

applications for renewal of his passport without complying with 8 U.S.C. § 1504(a); and

5)      grant such other and further relief as deemed appropriate and just by the Court, including an

award of court costs and attorneys fees.


Respectfully Submitted 20 November 2018,

s/ *Cathy J. Potter*

Cathy J. Potter, Attorney in Charge
Law Firm of Cathy J Potter PLLC
203 South Commerce Street
Harlingen, Texas 78550
Pennsylvania Bar 210071
Federal I.D.  1060322
(956) 622-3011 Telephone
(956) 622-3017 Fax

## VERIFICATION OF THE PLAINTIFF

I, Martin Villafranca, Jr., hereby certify that I am the Plaintiff herein, and that I have read the above

and the facts as stated,  are true and correct to the best of my knowledge and belief.

_____

Martin Villafranca, Jr.

## VERIFICATION

I, Cathy J. Potter, hereby certify that I am familiar with Petitioner's case and that the facts as stated

with respect thereto are true and correct to the best of my knowledge.

*s// Cathy J. Potter*

_____

Cathy J. Potter

8